**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4761**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENDRICK MALIK SELLERS, a/k/a Drop,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, Chief District Judge.  (4:11-cr-02345-TLW-1)

———————

Submitted:  March 28, 2013            Decided:  April 1, 2013

———————

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Brown W. Johnson, CLARKE, JOHNSON, PETERSON & MCLEAN, PA, Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina; Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendrick Malik Sellers pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute a quantity of powder and crack cocaine and was sentenced to 210 months' imprisonment. He appeals. Sellers' attorney has filed a brief in accordance with Anders v. California in which he asserts that there are no meritorious issues for appeal but questions whether Sellers' sentence was reasonable. Although advised of his right to file a supplemental pro se brief, Sellers has not done so. Finding no error, we affirm.

We review Sellers' sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–50; see United States v. Lynn, 592 F.3d 572, 575–76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its

2

discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346–56 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. Moreover, Sellers has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Sellers' conviction and sentence. This court requires that counsel inform Sellers, in writing, of the right to petition the Supreme Court of the United States for further review. If Sellers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sellers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED